**CARLSON LYNCH LLP**
(EDDIE) JAE K. KIM (236805)
ekim@carlsonlynch.com
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel:   619-762-1910
Fax:   412-231-0246

**CARLSON LYNCH LLP**
GARY F. LYNCH (*to be admitted pro hac vice*)
gynch@carlsonlynch.com
EDWARD W. CIOLKO (*to be admitted pro hac vice*)
eciolko@carlsonlynch.com
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel:   412-322-9243
Fax:   412-231-0246

*Attorneys for Plaintiff and Proposed Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| INJUNE DAVID CHOI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>Defendant. | Case No. 2:20-cv-05573<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Injune David Choi ("Plaintiff"), by and through his undersigned counsel, brings this class action against Defendant, the University of Southern California (the "University" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

**NATURE OF THE ACTION**

1.    This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend the University, for an in-person, hands-on education for the Spring 2020

semester, Summer 2020 semester, and any future semester where their course work moved to online learning. Such persons paid all or part of the tuition for this semester and mandatory fees that include a Student Health Service fee of $366, a Student Programming Fee of $64, and a Norman H. Topping Student Aid Fund of $8 (collectively the "Mandatory Fees").[1] Students may have incurred additional fees based on whether they were a freshman or transfer student, or depending upon which program they were enrolled in.

2. The University has not refunded any amount of the tuition or any portion of the Mandatory Fees, even though it has implemented online distance learning since mid-March 2020.

3. Because of the University's response to the Coronavirus Disease 2019 ("COVID-19") pandemic, by mid-March, the University ceased or severely limited any of the services or facilities the Mandatory Fees were intended to cover.

4. The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately mid-March is a breach of the contracts between the University and Plaintiff and the members of the Class, and is unjust.

5. In short, as to tuition, Plaintiff and the members of the Class have paid tuition for a first-rate education and educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff and the Class with the University. As said in New York Magazine, "*Universities are still in a period of consensual hallucination with each saying, 'We're going to maintain these prices for what has become, overnight, a dramatically less compelling product offering.'*"[2]

---

[1] https://catalogue.usc.edu/content.php?catoid=11&navoid=3681#tuition_(semester),_(estimated)

[2] James D. Walsh, "The Coming Disruption," New York Magazine, May 11, 2020, available at https://nymag.com/intelligencer/2020/05/scott-galloway-future-of-college.html?utm_source=fb (site last visited June 9, 2020).

6. As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which were simply not provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

7. Plaintiff seeks, for himself and Class members, the University's disgorgement and/or appropriate compensatory damages in return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time that remained in the Spring semester 2020, Summer semester 2020, and any future semesters when the University switched to online distance learning, strongly encouraged students to leave campus, and closed or ceased access to facilities and services.

## PARTIES

8. Plaintiff Injune David Choi is a citizen of California. He paid to attend the Spring 2020 semester at the University of Southern California as an undergraduate student.

9. Plaintiff paid tuition and the Mandatory Fees for the Spring 2020 semester to enable him to obtain an in-person, on-campus educational experience and enable him to participate in the activities and to utilize the services covered by the Mandatory Fees that he paid.

10. He has not been provided a pro-rated refund of the tuition for his in-person classes that were discontinued and moved online, any of his dining fees, or any of the Mandatory Fees he paid after the University's facilities were closed or access was severally limited and events were cancelled.

11. The University of Southern California is California's oldest private research university founded in 1880.

12. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs. The University's programs include students from many, if not all, of the states in the country.

13. The University's principal campus is located in Los Angeles, California. Defendant is a resident of California.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

15. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## FACTUAL ALLEGATIONS.

17. Plaintiff and Class Members have paid, or will pay, tuition and the Mandatory Fees to attend the University Spring 2020 semester, Summer 2020 semester, and any future semester where in-person education is not provided.

18. The Spring 2020 semester at the University of Southern California began on or about January 13, 2020 and ended on or around May 13, 2020.[3] The Summer 2020 semester began on or about May 20, 2020, and is scheduled to end on or about August 11, 2020.[4]

19. Tuition costs at the University of Southern California for the Spring 2020 and Summer 2020 semesters for a full-time student are estimated as follows:

| Tuition (semester), (Estimated) | |
|---|---:|
| **Undergraduate Students** | |
| (12–18 units) | $28,628.00 |
| unit basis | 1,928.00 |
| **Graduate Students** | |
| (15–18 units) | 28,628.00 |

[5]

---

[3] https://csuip.calstate.edu/_customtags/ct_FileRetrieve.cfm?File_ID=65573
[4] https://academics.usc.edu/calendar/
[5] https://catalogue.usc.edu/content.php?catoid=11&navoid=3681#tuition_(semester),_(estimated)

20. In addition to tuition, Plaintiff, and the Class members each had to pay the Mandatory Fees for the Semester. The Mandatory Fees schedule was as follows:

| Mandatory Fees (Estimated) | |
|---|---:|
| Application Fee, undergraduate (not refundable) | 80.00 |
| Application Fee, graduate applicants (not refundable)* | 90.00 |
| Application Fee, Marshall graduate applicants (not refundable) | 155.00 |
| Commitment Deposit, freshman and transfer only (not refundable but applicable to tuition and fees) | 300.00 |
| Commitment Deposit, graduate and professional (not refundable but applicable to tuition and fees): Students should consult their academic department or school. | |
| New Student Fee (undergraduate) | 450.00 |
| New Student Fee (graduate) | 55.00 |
| Student Health Service, per semester (for students with load of 6 units or more) | Fall 2019 $367<br>Spring 2020 $366 |
| Summer, $21 per week | 273.00 |
| Student Programming Fee, per semester undergraduate | 64.00 |
| Student Programming Fee, per semester graduate | 43.00 |
| Norman H. Topping Student Aid Fund, per semester, all students | 8.00 |

[6]

21. Plaintiff and the members of the Class paid all or part of the applicable tuition for the benefit of on-campus live interactive instruction and an on campus educational experience throughout the entire semester.

---

[6] *Id.*

22. Plaintiff and the members of the Class paid the Mandatory Fees for the semester so they could benefit throughout the semester from all University's facilities and services, recreation, athletics, health and wellness programs, and organizations, among many other benefits that the significant fees were paid to cover.

23. The University has retained the value of the tuition and Mandatory Fees, while failing to provide the services for which they were paid.

24. Members of the Class have demanded the return of the prorated portion of tuition, and Mandatory Fees, and have taken to online petitions to demand the same.[7] As one University law student puts it, "[t]he tuition that USC Gould students have paid for this semester is excessively disproportionate as compared to the value of what USC is providing."[8]

25. Despite the demand from members of the Class, the University has not provided any refund of the tuition or Mandatory Fees and continues to retain the monies paid by Plaintiff and the Class.

***In Response to COVID-19, the University Closed Campus, Preventing Access to its Facilities and Services, and Cancelled All In-Person Classes***

26. In response to the COVID-19 pandemic, the University created a new section for its website to post news alerts and updates, and to answer frequently asked questions.[9]

27. On March 6, 2020, the University announced that it will be testing online lectures and seminars from March 11 through March 13 in case the University needed to switch to remote online learning full-time.[10]

28. On March 10, 2020, the University announced that it was going to continue remote online learning after spring break, from March 22 through March 29. This

---

[7] https://www.change.org/p/usc-president-carol-l-folt-partial-tuition-reimbursement-at-university-of-southern-california; https://www.change.org/p/president-carol-l-folt-usc-gould-partial-tuition-refund
[8] *Id.*
[9] https://coronavirus.usc.edu/
[10] https://coronavirus.usc.edu/2020/03/06/test-of-online-class-system/

6
CLASS ACTION COMPLAINT

announcement also cancelled all University events and stated that all athletics will be held without spectators.[11]

29. On March 11, 2020, the University announced that it will be extending remote online learning through April 14, and that students may not return to campus until at least April 13.[12]

30. On March 16, 2020, the University further extended remote online learning, this time throughout the remainder of the Spring semester. The University also announced that commencement would not be held in person at the originally scheduled date, and that they were uncertain as to when or where it would be held. All events were also to be cancelled through May 1.[13]

31. Further, in the March 16 announcement, the University posted the following information regarding services and facilities:

> **Clinics**: We will be temporarily closing non-essential clinics and postponing some other clinical services. Please see individual school information for details as they are continually updated. We are reevaluating these services on a daily basis to ensure we continue to provide the highest quality inpatient and outpatient care. We are committed to continuing to support our clinical students through this time of uncertainty and change.
>
> **Other buildings on campus**: Most buildings, including the libraries, the bookstore and recreational facilities will not be publicly accessible until further notice. Library resources and services will be available online to assist with your studies and research here; items can still be purchased from the USC Bookstore online by visiting here. While key-card access will still be available for those who are required to be in the office for work or research, we emphasize the need to exercise social distancing and hygiene as recommended in every location.[14]

32. On March 20, 2020, the University announced that it would be offering students the option to receive a "Pass/No Pass" grade rather than the traditional letter

---

[11] https://coronavirus.usc.edu/2020/03/10/update-to-university-policies-and-plans/
[12] https://coronavirus.usc.edu/2020/03/11/notice-of-extended-period-of-remote-instruction/
[13] https://coronavirus.usc.edu/2020/03/16/covid-19-new-actions-2/
[14] *Id.*

grade.[15] On March 30, the University stated that they will first allow students to review their letter grades, then make a determination as to if they would rather receive a "Pass" or "No Pass" grade.[16]

33. The University ultimately expanded remote online learning throughout the Summer 2020 semester. Those who have paid tuition for the Summer 2020 semester have not received any discount or refund for the lack of in-person education that was paid for.

34. The University has not held any in-person classes since March 2020. Classes that have continued since that time have only been offered in a remote online format with no in-person instruction or interaction.

35. The University has not refunded the tuition and Mandatory Fees paid for in-person on campus education, and access to facilities and services that were/are not being provided.

***The University's Online Courses Are Subpar to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the University's to Receive by Paying Tuition and Fees***

36. Students attending the University's Spring 2020 and Summer 2020 semester did not choose to attend an online institution of higher learning, but instead chose to enroll in the University's in-person educational program.

37. On their website, the University markets its on-campus experience and Los Angeles location as a benefit of enrollment by stating:

---

[15] https://coronavirus.usc.edu/2020/03/20/options-course-grades-withdrawals/
[16] https://coronavirus.usc.edu/2020/03/30/important-modification-to-undergraduate-grading-policy/

## Our Campus

Just three miles south of Downtown Los Angeles, the USC University Park Campus covers 226 acres and comprises a vibrant mix of green and park spaces, fountains and sculptures, and contemporary and traditional architecture.

USC prides itself on being a residential community, where most undergraduate students live on or near campus. On- and off- campus cafés, restaurants, and dining halls offer meal options from kosher to vegetarian, buffet-style and grab-and-go snacks.[17]

### Live
### Your home away from home.

Most USC undergraduates live on or near campus, taking part in our world-class residential programs. Your years at USC will be enriched by your fellow residents, and you will make friendships that will last a lifetime.[18]

### Belong
### Find your niche.

USC comprises one of the most diverse undergraduate populations of any top-ranked university in the US. With more than 850 student organizations, USC provides numerous ways to get involved and find your place within the Trojan Family.[19]

---

[17] https://admission.usc.edu/live/our-campus/
[18] https://admission.usc.edu/
[19] *Id.*

38. The online learning options being offered to the University's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.

39. During the online portion of the Spring 2020 and Summer 2020 semester, the University offered some classes through Zoom. Other classes, however, were prerecorded for students to watch on their own time without real-time dialogue. Therefore, there was a significant lack of classroom interaction among teachers and students, and among individual students that is instrumental in interpersonal skill development.

40. The online formats being used by the University's do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

41. Further, the ability to receive a Pass/No Pass grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

42. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

43. Access to facilities such as class rooms, libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and materials parts of the basis upon which the University can charge the tuition it charges, but are not being provided.

44. The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 semester for the period it moved to subpar on-line distance learning.

45. Nor have the University refunded the Mandatory Fees it collected from Plaintiff and the members of the Class for the semester even though it limited access to or ceased the services and facilities for which the Mandatory Fees were intended to pay.

46. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fees they paid for the Spring 2020 semester for the remaining days of the semester after classes moved from in-person to online and facilities were closed or severally limited.

47. Class members who are paying and will continue to pay tuition and Mandatory Fees for the Summer 2020 semester and any future semester in which in-person education is not provided should be entitled to an appropriate refund for the decrease in value in the education provided.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All persons who paid tuition and the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester, Summer 2020 semester, and any future semester at the University and its campuses, but had their class(es) moved to online learning (the "Class").

49. Excluded from the Class is Defendant, its subsidiaries and affiliates, its officers, directors and members of their immediate families and any entity in which Defendant has a controlling interest, the legal representative, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

50. Plaintiff reserves the right to modify or amend the definition of the proposed Class, if necessary, before this Court determines whether certification is appropriate.

51. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

52. The requirements of Rule 23(a)(1) have been met. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, the University has reported that 48,500 students were enrolled for the 2019-2020 academic year.[20] The number of Summer 2020 students and future semester enrollment is unknown at this time. The identity of all such students is known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

53. The requirements of Rule 23(a)(2) have been met. There are questions of law and fact common to the members of the Class including, without limitation:

    a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as access to certain facilities and services throughout the semester;

    b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after mid-March, 2020;

    c. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March, 2020;

    d. Whether Defendant is unjustly enriched by retaining a portion of the tuition and Mandatory Fees during the period of time the University has been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid;

---

[20] https://about.usc.edu/facts/

    e. Whether Defendant intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class; and

    f. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

54. The requirements of Rule 23(a)(3) have been met. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid, and access to the services and facilities for the Mandatory Fees that they paid, that the University stopped providing in mid-March.

55. The requirements of Rule 23(a)(4) have been met. Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

56. Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of

inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

57. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

58. Plaintiff brings this claim individually and on behalf of the members of the Class.

59. By paying the University tuition and the Mandatory Fees for the semester, the University agreed to, among other things, provide an in-person and on-campus live education, as well as access to the services and facilities to which the Mandatory Fees they paid pertained throughout the entire semester. As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

60. The University has failed to provide this contracted for in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semester, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during the entire semester. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

61. Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fees they each paid during the remainder of the Spring 2020 semester, Summer 2020 semester, and for any future semesters.

62. The University should return such portions to Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF

## UNJUST ENRICHMENT

**(On Behalf of Plaintiff and the Class)**

63. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

64. In the alternative, should there be a finding that no contract exists, Plaintiff brings this claim individually and on behalf of the members of the Class.

65. Plaintiff and members of the Class conferred a benefit on the University in the form of tuition and Mandatory Fees paid for the semester. The payment of the tuition and Mandatory Fees were to be in exchange for an in-person and on-campus live educational experience, and for services and facilities to which the Mandatory Fees pertained throughout the entire semester.

66. The University has retained the full benefit of the tuition and Mandatory Fees payments by Plaintiff and the members of the Class for the semester, yet has failed to provide the quality of education and services and facilities for which tuition and the Mandatory Fees were paid, including those for an in-person and on-campus live education, and full access to the University's services and facilities.

67. The University's retention of the portion of the tuition and Mandatory Fees during the period of time the University moved to a remote online education program, encouraged students to stay off campus, and closed or limited access to services and facilities, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid, is unjust and inequitable under the circumstances.

68. Accordingly, the University should return the prorated portion of the tuition and Mandatory Fees that Plaintiff and the Class members each paid during the remainder

of the Spring 2020 semester, the entirety of the Summer 2020 semester, and any future semesters.

### THIRD CLAIM FOR RELIEF

### CONVERSION

### (On Behalf of Plaintiff and the Class)

69. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

70. In the alternative, should there be a finding that no contract exists, Plaintiff brings this claim individually and on behalf of the members of the Class.

71. Plaintiff and members of the Class have a right to the services, facilities, and face to face instruction that was supposed to be provided in exchange for their payments of tuition, and Mandatory Fees to the University. In the alternative, should those services, facilities, and face to face instruction not be provided, Plaintiffs and members of the Class have a right to be reimbursed pro-rated tuition and Mandatory Fees.

72. The University intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class.

73. Class members demanded the pro-rata return of their tuition and Mandatory Fees for the period of time in the semester when the University switched to remote online learning, encouraged students to stay off campus, and stopped providing the services for which the Mandatory Fees were intended to pay.

74. The University's retention of the tuition and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and Class of the benefits for which the tuition and Mandatory Fees were paid.

75. The University's interference with the services for which Plaintiff and the Class paid harmed Plaintiff and the Class in that the University has retained monies that rightfully belong to the Plaintiff and Class.

76. The University intends to permanently deprive Plaintiff the Class of these funds.

77. The University has wrongfully converted these specific and readily identifiable funds.

78. Plaintiff and the Class are entitled to the return of the remaining pro-rated amounts of tuition and Mandatory Fees for the remainder of the Spring 2020 semester, the entirety of the Summer 2020 semester, and for any future semesters.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order of restitution and all other forms of equitable monetary relief;

(e) Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(f) Awarding pre- and post-judgment interest on any amounts awarded; and,

(g) Awarding such other and further relief as may be just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

Dated: June 23, 2020    **CARLSON LYNCH LLP**

By: /s/ *(Eddie) Jae K. Kim*
(EDDIE) JAE K. KIM (236805)
ekim@carlsonlynch.com
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel:   619-762-1910
Fax:   412-231-0246

**CARLSON LYNCH LLP**
GARY F. LYNCH (*to be admitted pro hac vice*)
gynch@carlsonlynch.com
EDWARD W. CIOLKO (*to be admitted pro hac vice*)
eciolko@carlsonlynch.com
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel:   412-322-9243
Fax:   412-231-0246

*Attorneys for Plaintiff and Proposed Class*